The Honorable, the Judges of the United States Court of Appeals for the Court of Circumstances. Thank you. Mr. Llewellyn. Good morning, Your Honors. May it please the Court, Patrick Llewellyn for the appellant, Monica Quintana in this case. This appeal is from a dismissal under Rule 12b-6 for failure to state a claim against the City of Alexandria under the Family and Medical Leave Act. In the complaint, Ms. Quintana alleged she was hired by the City, requested leave to care for her comatose husband, and then was fired a week into that leave by the City. So the issues in this case are first, whether the City, which was the entity that hired her and controlled every aspect of her employment, was her primary employer or if, by function of placing her payroll on that of a third party, Ronstadt, the City became her secondary employer. And then second, whether the City, even as a secondary employer, nonetheless violated the FMLA. In making these determinations, the District Court below primarily erred by failing to accept the allegations that the complaint is true and instead relying on assumptions and the City's representations. But as we explain in the brief, the allegations of the complaint here make clear that the City was Ms. Quintana's primary employer and did violate the FMLA. So this morning, I'd like to begin by discussing why the City is the primary employer and then move to discussing that in the alternative, even if the City is the secondary employer. You mean based on what's in the complaint? Yes, Your Honor. Your argument is going to be, we said in the complaint. Yes, Your Honor, that's correct. So first, I'd just like to begin by, as the Court is well aware, because we're on a Rule 12b-6 motion to dismiss, the allegations of the complaint must be taken as true and all the inferences must be drawn in favor of Ms. Quintana. Throughout its brief, the City attempts to recast the factual allegations, but as the Court knows, what matters is what we allege in the complaint, not what the City says the complaint says. And similarly, rather than deal with the facts of the complaint, the City attempts to rely on contractual proof. Did you make this exact argument to the District Court? I attempted to, Your Honor, but the District Court began the hearing by, I mean, we did it in our briefs, but the District Court began the hearing by saying, I'm assuming the City is the secondary employer. And I tried to work it back, but there just wasn't much discussion of it. As I was saying, similarly, instead of dealing with the facts of the complaint, the City attempts to use contractual provisions or labels to say that it can't be liable. But that's not the proper analysis. The FMLA uses it. Did the Judge consider any of the other evidence outside of the complaint in making this 12B6 determination? I'm not sure if the Judge – I mean, I believe the Judge relied in part on the representations the City made at oral argument because our allegations make clear the City controlled every aspect of it. And so the only way the Court could have concluded that the City was a secondary employer was by relying on the City's representations and not by relying on the complaint itself. And were there not representations made by your client as well? I'm sorry, Your Honor? Were there not other representations made in argument beside the City's? Your Honor, I believe that we attempted to focus the argument on what's said in the complaint because we're on a 12B6 motion to dismiss and that what the complaint says is that the City was the entity that hired her. The City unilaterally transferred her payroll to Ronstadt. The City controlled the amount of her compensation, her job title, her schedule, her job function and day-to-day work duties, her supervision, her performance evaluation, and determination for employment. That's at JA 10, paragraph 38 of the First Amendment complaint. We allege that exactly. Moreover, we further specifically allege that – I couldn't understand – maybe you can explain this to me. I might as well decide to. How did the Court get to talk about the contract between the City and Ronstadt? I don't know, Your Honor. I don't believe the Court should have considered that. We didn't reference the contract at all in the complaint, and it's not integral to our complaint. So those are the only ways in which the Court could have considered the contract. The Court should not have referenced the contract. And I don't believe this Court should consider the contract either. Is it even clear that somehow your client would be bound by some provision in that contract? No, Your Honor. That's exactly right. Ms. Quintana certainly wasn't a party to that contract. And just as with under the Fair Labor Standards Act, which uses the same definition of employee, an employer can't – you know, there can't be an agreement between two employers. You'll be the one solely responsible for wages. The question is whether as a matter of economic reality, how did this entity function? And in this case, based on the allegations of the complaint, which is all the Court can look at, the City functioned as Ms. Quintana's primary employer. Was there any claim or fault that this was expanded to a summary judgment matter? No, Your Honor. That was never discussed. The City didn't request that. The Court did not discuss that. There's nothing in the record to support that. And remember, I could look it up, did the City move for 12B6 dismissal or in the alternative summary judgment? Do you remember? No, I don't. I believe it was limited to 12B6. I don't recall specifically, but I'm fairly confident it was just a 12B6 motion. And so determining primary and secondary employer under the FMLA, again, this is a regulatory creation, and that's because as this Court has explained, the bedrock of the FMLA are the twin entitlements to leave and then to reinstatement upon return from that leave. And so determining who the primary employer is is important because you have to determine who can actually reinstate this employee. And the regulations provide a few factors, four specifically, but other courts have also, the few courts that have looked into this have also considered additional factors. Those factors, as the Court knows, is the authority to hire and fire. Why are we even discussing this if it's 12B6? Your Honor, I'm just explaining why the allegation, the complaint, make clear that as a legal matter the City was the primary employer. So you're putting that up against an Iqbal standard or something like that? Yes, Your Honor. That show that under our allegations, our allegations are plausible and we have stated a plausible claim to plausible relief. That's what you're doing? Yes, Your Honor. I'm just saying that on 12B6, generally, you don't, to establish what the case is about, you don't go outside the complaint, outside the complaint at all. We know Iqbal, Romney and Iqbal, put a slightly different spin on it, which is you can take everything in the complaint sometime and accept it as fact and it still gets dismissed because it just doesn't make out a claim on which you can get alleged any plausible relief, correct? That's correct, Your Honor. Is that what the Court said in this case? To be honest, there was not much reasoning. It was a ruling from the bench. But she did say this, I remember now. She said, I think those cases, Iqbal, Romney, I guess, and others, they really want judges now to take a really close look at if this states a claim and there's really a real case here that can lead to something. Do you remember that? Yes, Your Honor. That was at the first hearing on the first motion to dismiss. So what I was saying, the second motion to dismiss for this complaint, there wasn't much discussion about the reasoning. It was just the judge starting at saying, I'm assuming they're a secondary employer, and we went from there. And so you're correct, Judge Shedd, and I'm just saying that the allegations of the complaint establish a plausible claim to relief, and that's all we have to do at this stage. What about the answer? Does the answer come into play here? Do we consider the answer that was here or the fact that it incorporated parts of the discovery? No, Your Honor, because first of all, the city has not filed an answer in this case. The city has only filed its motion. The only answer that was filed was by the co-defendant, Ronstadt. The city hasn't pointed to any authority where the court can – I mean, the court doesn't consider anything outside the complaint at a 12B6 motion. Well, well, well, sometimes it can. Sometimes if there are attachments, so there are corporations, which is part of what I think Judge Wentz asked about too in his question. And I looked too. I couldn't find anything else in this case. Is there anything else in this case other than the complaint itself? No, Your Honor. What did that answer by Rents say? The answer by Ronstadt, all we did was when we moved for leave to amend the complaint in the motion for leave, we said that Ronstadt has made admissions, which show that what's going to happen in this case is Ronstadt is going to say the city is liable and the city is going to say Ronstadt is liable, and that's why we need both. And that's what we said in our motion for leave. At no point in the complaint do we cite to Ronstadt's answer or do we specifically attempt to incorporate the answer. I think the other side argued, and maybe the judge accepted, that you had pled that actually Ronstadt was the employee. Do you remember that line where the district court said that? Yes, Your Honor. I believe that came up. We pled alternative legal theories. That doesn't appear until I believe it's paragraph 162. I'm not saying the court was right. I'm saying do you remember when she said that or talked about that? I believe so, Your Honor. Or the other side may have. I know that was put on the table, that they can't say we are because they said Ronstadt is. Right. Your response is alternative pleading assumptions. Yes, Your Honor. Throughout the complaint we just pled factual allegations, and then in count one of our interference claim we said the city is the primary employer. As the primary employer, the city violated the FMLA in X, Y, and Z ways. In the alternative, Ronstadt is the primary employer and violated the FMLA in X, Y, and Z ways. And also in the alternative, the city is the secondary employer and violated it as a secondary employer in these ways. And that's perfectly acceptable. We simply pled alternative legal theories, and that's all there is. The basis of your complaint in doing it that way is the two people that were at play here, the city and Ronstadt, somebody is responsible to us. We think the city is. We make that claim. At this point in the complaint stage, we really aren't completely sure. We know, as you said, they're going to point fingers, and all we know is based on our allegations that our client got permission to take leave from the city. That's correct. She responded and checked in with the city. That's correct. The city told her her job was no longer available. That's correct. But it looks like she also had to go over to Ronstadt to fill out an application, but you say a partial application. It was a partial application. That's what you allege. So you're just saying, quite frankly, we're not quite sure who the heck is responsible, but somebody is responsible, and we're going to figure that out as we go, but we're putting everybody on notice of these allegations. We think you're both wrong or at least one, and we'll just have to make our way through it. That's correct, Judge Shedd. Again, we're at a motion to dismiss, and it's just whether it's a plausible claim to relief, and that's the whole purpose, as the court knows, to getting to discovery and to doing depositions. It didn't strike me, and I've read the hearing transcript. I know I'll ask the other side. The other side seemed to respond to talk about things outside the allegations. That's correct, Your Honor. The city has this arrangement. No, they only do X, Y, and Z. Right. I didn't find any of that in the complaint. It's not in the complaint. And I'm going to ask for the justification for getting there. That's what it looks like, and maybe other questions you've heard. It kind of takes on a little bit of moving off of 12B6 into a summary judgment, kind of. Did y'all go to discovery in this case? Well, we moved forward with the case against Ronstadt and did some discovery against Ronstadt. We were able to get third-party discovery, some documents from the city, but, again, where we are at the stage in challenging this dismissal, it's like going back in time to the point at which the judge dismissed it. At that point, we just had the complaint. The city didn't ask for it to be— Did you ask for leave to amend? We did, Your Honor. And in that leave to amend, didn't you ask for that actual discovery in the Ronstadt answer to be incorporated? Your Honor, we were providing that as the reason why we were moving to amend because we were—  No, we did not ask for it to be incorporated. What we said was because we were outside the time period in which we could move for leave to amend as of right, we were providing a justification for why we would include additional factual allegations. But you didn't ask for it to be incorporated, but you did mention that this incorporated discovery that was within the Ronstadt answer was within your move to amend. Is that correct?  But we did not specifically incorporate it or rely on the— Your Honor, did she receive any benefits from the city? No, she didn't receive benefits from the city or Ronstadt, and we specifically alleged that in the complaint. And she should have received benefits from somebody, but again, I think it's because they were possibly pointing the fingers at each other, saying you're responsible, no, you're responsible. Well, in determining whether or not this is a primary or secondary employee or not one at all, it's one of the factors that's generally considered. Yes, Your Honor, that's correct. When we look at all of the things, even those that you plead here in terms of how it's set up, the question is, is it sufficient, David, to determine this is a primary employee? Yes, Your Honor. In order to face this complaint. So as far as making benefits, we allege that neither provided her with benefits, so that factor doesn't weigh either way. And the other three factors are authority to hire and fire, ability to assign and place, and making payroll. And as I've explained what we allege in the complaint, there's just no question from the complaint that the city alone had the authority to hire and fire her and to assign and place her. Who did she go to? You do allege where she went to for an assignment once she was terminated. Who did she go to? She first went to the city, and then to mitigate her damages, she went to Ronstadt. We don't dispute that Ronstadt has temporary staffing positions and functions as a staffing agency in other situations. The fact of the matter is at the point Ms. Quintana was fired, she needed a job. And so she had been involved with Ronstadt before. She knew that they had other positions. But again, the very first thing she said when she went to Ronstadt was she asked them, can you get me my job with the city back? Because she was reaching out to people at the city to try to get her job back. Asked Ronstadt, can you get me my job at the city back? That's at JA-21, paragraphs 132 and 133. And Ronstadt said, no, we can't, because they didn't have the authority to. They couldn't reinstate her because the city was her primary employer. The Rule 68 offer of judgment that you made with Ronstadt there, what was the effect of that? It was essentially a consent judgment, Your Honor. The only basis for the judgment that Ronstadt offered to be taken against it is what is in the offer and our acceptance. And the offer was just Ronstadt offers for judgment to be entered against it based on any and all claims that could have been brought against it. There was no specific legal or factual basis. Based on any and all claims that could be brought against Ronstadt under the FMLA? It didn't limit it to the FMLA. It just said any and all claims that could have been brought in this case, including the claims that have been brought against the FMLA. But other than that, there was no particular legal or factual basis. And in our acceptance of the Rule 68 offer, which is not in the JA, but which is part of the record, we specifically reserve the right to appeal the dismissal of the city. If the city, in fact, is not a primary employee, then what would be the responsibility as a secondary employee if that could be established? Your Honor, I assume over time is it okay if I answer that question? As a secondary employer, the regulations provide that one specific example, this conditional reinstatement obligation the city speaks about, immediately after the conditional reinstatement obligation, it says that secondary employers are also responsible for not interfering with the exercise of FMLA rights and for not retaliating. Here, the city interfered with Ms. Kuntana's FMLA rights in the situation in which they're the secondary employer by failing to tell her we're no longer responsible for your FMLA when she was transferred to Ronstadt, by then failing to direct her to Ronstadt when she asked for FMLA leave, and then further by falsely granting her permission to take FMLA leave. The combination of those three things prevented her from accessing the FMLA by going to, in this scenario, her primary employer of Ronstadt. So you're arguing essentially that we're just here prematurely, this is in 12-B-6, and we just haven't gotten any further than that? Essentially, Your Honor, yes. Because what we allege in the complaint establishes a plausible claim that the city was the primary employer. Thank you. Thank you. Ms. Gambino? Thank you, Your Honors. I'm Michelle Gambino. May it please the Court, I'm here for the city of Alexandria. As I've heard everyone say, I'm going to go out of order because I think your questions are good questions. Go ahead, Your Honor. Tell me about the complaint. The only thing we look to here, and look at it in a light most favorable to the party here to determine as to whether there's a claim that's been sufficiently stated to establish that there's a primary employer. Thank you. Yes, Your Honor, you have the correct legal standards. 12-B-6 is, you look at the complaint, does the complaint state a cause of action? You can also look at documents that are incorporated, as Judge Shedd said. You can also look at documents that are incorporated. Is there something incorporated beyond this complaint here? Well, Your Honor, arguably there is. Whether the Court considered it, I don't know. The record's not clear. She doesn't say she considered materials outside the complaint. So does your case rest solely by just looking at this complaint and nothing else? I believe it absolutely could, and I believe the facts are sufficient. No, no, I don't know about the could. I want to know does it rest on this complaint? In other words, do we get to look across this? Answer, do we get to look at the incorporated material that he had in his answer? The fact that the leave to amend mentioned it? Is that a part of this, or is it just this complaint? Your Honor, to answer your question, it's not a clean answer. Just give us the one you think's right. The answer that I think is right is I think she made the decision based on the allegations made in the complaint that was before her because she doesn't say when she makes her ruling that she considered the materials outside of that. Now, to answer your earlier question, did they move? Did Ms. Quintana's lawyer say, by the way, we want to amend this complaint. You disposed of this once before. We have new facts. Here is our new facts. It's Ranstad's answer. Look at Ranstad's answer. See? This now states a claim against the city. Let me know. Yes, Your Honor. Can I start talking? Yes, sir. You have to stop. Absolutely. You have to stop. Sorry. You don't keep saying yes, you're right. Here's the point. There was much discussion about the contract or the arrangement between the city and Ranstad. I think it came from you at the hearing. Correct. There were two hearings, Your Honor. That was on the first motion to dismiss of a different complaint. But you are correct in the procedural. That's the first hearing. That is not the ruling that's being appealed in before the court today. Okay. That was information that was put in the record for the court, correct? The judge asked questions about generally the factual background of the case. I didn't ask you that. I didn't. Listen. The best way this is going to proceed, if you listen to my question and answer my question. I said that was in the record in this case because if it's not, why the heck is it in the joint appendix that I've read? It's part of the record in this case, isn't it? Yes or no? I believe it is. Well, let's go with that. Do you believe it is? Or is it? Or is it not? Yes, Your Honor. Okay. How did that get in the record from anywhere in the complaint? Does the complaint allege a contract between the city and Randstead? The original complaint, I can't tell you sitting here, to be quite honest, whether the original complaint that's not before the court in this hearing mentioned the contract between Randstead or not. Standing here today, I don't recall if the original complaint said that, to be honest. So, it certainly didn't have any terms of the complaint, did it? Or do you know? The terms of the contract in the complaint? Of the contract, yes. Not that I recall, Your Honor. And that was talked about in front of the judge in this case, wasn't it? I believe the judge, I believe the judge asked questions about what is Randstead. She acknowledges a temporary staffing agency. So, the answer would be it was talked about in front of the judge, yes or no? Yes, it definitely was, Your Honor. How does any of that have anything to do with this complaint? It does not. Okay. So, if that's in the record, and she's had it in this record, there's at least a chance that she considered things outside this complaint. I don't think that's the case at all, and here's why. Because the first amended complaint, I mean, the first complaint was dismissed based on the grounds set forth in that complaint. That is not being appealed at rolling. What she considered is the first amended complaint, and the only materials before her that she was asked to consider by the plaintiff was Randstead's answer. In her ruling that relates to the first amended complaint, she is very clear to say, and this goes back to Judge Wynn's question, what did she look at is the complaint. She again said, I'm taking this, I've considered your arguments, and I believe based on the stronger complaint, because they added a ton of facts in the first amended complaint to say Randstead did a mirage of things that smell like a primary employer. Well, see, that's where it gets confusing. I mean, she can, the question is, when you start adding in facts, that's not a 12 and six. You move in, you move beyond pleading statement. You move beyond what's in this complaint. What we need to know is, what is your argument as to why this complaint is insufficient in the state of cause of action, alleging that this is a primary employer? Well, the answer is, I think, clear on the face. This is not a case where here you have one employer, the city. You have a complaint before you that says, I used to work for the city. My employment got transferred to another entity. I wish it didn't, but it did. I filled out applications. I reported from day one to a lady named Ms. Brown. You will see Ms. Brown's name from Randstead all over this complaint. For 16 months, this complaint goes on to say, they paid me. I filled out their application. It says more than that. No, it says more than that. It says, the city presented a change of Randstead as a new employer as a condition of her continued employment with the city. That's paragraph 23. 29, Randstead's role was limited to administering payroll and administrative functions. Both before and after Randstead, the city of Alexandria controlled the terms of Quintana's compensation job title schedule, and he lists them. Ms. Quintana continued to submit requests for leave to the city. You may win at some other point, but why doesn't that make out a claim that she's employed by the city? Because there's other facts that you can't ignore. For instance, well, first let me answer it this way. First, the court has upon it the ability to determine on the face of the complaint who the actual primary and secondary is. She took the facts upon her, based upon the complaint, and actually did that. She determined, have they stated a claim against Randstead as a primary or as a secondary? The same with the city. She's not determining who is primary and who is secondary? I think she did, based upon the- Why would she not be determining whether this complaint sufficiently alleges it? Your Honor, the question of whether or not it is, that's something you determine later on. But the complaint sufficiently alleges that, which is what Judge Shedd just read. And the question, use the question. Yes, Your Honor. What he just read is, that seems to indicate the allegation is there. What takes that allegation away? The fact that she said, I went to Randstead. End this complaint. Yes, sir. Read it to me. Give it to me. What is it that takes that away? What he just read. Because that's what he read from the complaint. The actual allegations that are there. Okay. Which we take to be true. I'm prepared to answer your question. Do that. Okay. Paragraph 23 of the complaint. The city told her that Randstead's her new employer. Paragraph 24. The city HR told her to go to Randstead and filled out a paperwork. She did what Randstead said. Paragraph 25. Filled out the application. Met her new supervisor, Ms. Brown. Paragraph 27 and 45. She was assigned, using that word, assigned to the city. Paragraph 45. She was assigned to the city. A person who works for a person isn't assigned. A person who is assigned is a temporary employee who gets an assignment. The first one was paragraph 23? Yes. Yes, Your Honor. And you said the city told her what? Randstead is her new employer. Where are you reading from? I'm reading from my notes, Your Honor. Read this because I don't see that. I'm sorry? I don't see what you're saying. Okay. The city told her that. Let me grab it, Your Honor. It says the city attempted to characterize Randstead as a new employer. The city presented the change to her as a condition of her continued employment. Right. The city told her. Attempted to characterize is the language that's here. I see where you're reading from. Yes. I'm reading from the complaint. Kind of nice to do that. It helps us not be confused. Let's wait this for a second. Judge Wynn is reading from the complaint, and you're reading from your notes. Yes, Your Honor. You may have a heck of an argument down the road, but we don't get there. You look perturbed by my comment. Well, Your Honor, I am looking at the complaint. And there are replete. The complaint is replete with allegations. Go back. We'll walk through it if that's how you want to do it. Let's go back 23. You said the city told her that Randstead was her new employer. It didn't say that, does it? It said the city attempted to characterize Randstead as Ms. Quintana's new employer. But the city presented the change to Ms. Quintana as a condition of her continued employment with the city. Then it goes on in paragraph 24 and 25, and it talks about how she was told that if she wanted to get to Randstead. No, no, read it to us. Yes, Your Honor, I'm happy to read the paragraph. But she was told it's not helpful. As part of the transfer of her payroll and related administrative functions to Randstead. So she's aware that those things are going to Randstead. Listen, wait for a second. That's not inconsistent with her complaint that those functions were transferred, but her allegation is yet she still remained an employee of the city. That's not inconsistent with her claim of employment by the city. You may want to think it is, but it's not. Your Honor, I think you can't take that one statement in a vacuum and have them. First, as the court knows, you don't have to accept conclusions. That's first. Second, Ms. Quintana was aware that Randstead was paying her for 16 months. She was aware that each and every time she wanted to leave, she'd check with the city who she was assigned to, and then she'd say, okay, Randstead, I checked with my temporary employer, the city. They've approved it. I'm taking it off Tuesday. Where's that? Your Honor, okay, hang on a second. I'll find it. You know, it seems like you're making a good argument. It's just this is 12B-6. Wait a little bit to summary judgment. All of this stuff we can talk about, and sometimes when you get something on the pleading stage, it sounds like you have something good in hand, but you're very limited in terms of the review of it, whereas if you take this evidence or if you say judge convert it over to a 12B-6 because they want to incorporate these facts over there and all that appendix and things that Judge Shedd is talking about comes into play. You don't have to sit here and read us a complaint, and even with Big Paul and Plumlee, we've still got to have something here for it, but it looks like it's here. At this stage of the game, what do we do? I mean, you may win this case when you go back. It doesn't mean you lose even if it goes back. It just means all those things that you say, you now get to come back, and we may be looking a few months back up here. You're standing against it on summary judgment one way or the other, maybe on the other side, who knows? But it seems like it's a little premature in terms of where we are. I mean, I hear you, Judge Wynn, and if this court decides it goes back and then we take it up through a summary judgment, I'm happy to do that. Give us a reason not to then. I think the reason not to is you can't in one side of your mouth say, they are, Grant said, is my primary employer. Plead all these facts. They did all of these wrong things, or the city did it. Did they do it alternatively? They did. You can find either one of these to be my primary employer. You can, Your Honor, but you have to look at the totality of this 130-paragraph complaint where they basically pled themselves out of saying the city is their primary. That's what Judge Brinkema was looking at. She looked at the totality of this complaint. I, last night, although Judge Scheide may not like, I went through this complaint and I made notes of each and every paragraph where Randstad was mentioned. I'm glad you did that. I did the same thing. This is not an occasion where they simply signed her paycheck. This is an occasion where they pled themselves out of saying the city is the primary employer. How did they do that? Just a little bit more than that. It's a strange arrangement, and it's not the sort of thing where you can say, well, all of a sudden they were over at Randstad, she went there. Same job, same place, same supervisors, even went to the first supervisor and the next for the FMLA. Don't know who's got the benefits. Nobody's given me any benefits. It's a mess. It's all together. If it was as clean cut as you would want it to be, it would have been, the city would have said, no, you don't work here. Leave my office. Go over to that temp agent right there, and you deal. And when they send you back to me, I will then take you as their employee. That's clean. That's not clean here. What's clean here is we've made a little something on the side here because we don't want to have the responsibility of being an employer, and we're going to work with this Randstad group over here, but we're going to do all the work, and it's going to look like that. And that's kind of where we are. And you get in a problem when you get the FMLA because that's pretty specific. That requires certain things to happen. But that's the whole purpose of doing this. I hope the city finds a cleaner way to do this in the future. This is not exactly the way that looks too good to me. I will tell you. The city, based on your comments, is almost getting punished for A. They're not based on my comments. Well, Judge Wynn, hear me out, please. Judge Wynn, hear me out, please. The city has an employer, I mean an employee, Ms. Quintana, at the time, who they tell this is a temporary job. A part of the appendix, and I don't know how this one got in there, Judge Chen, it wasn't from us, was a letter that she signed saying, I know my job with you is temporary. When that comes, when that job is done, what did the city do? Rather than do the clean thing, go through rancid, find some stranger, it actually made it easier for Ms. Quintana. It said, hey, this job's going. If you want it, go over to the temp agency and we'll keep you. So it's ironic that the city, with that being the facts, is now almost being punished because it's not, in quotes, clean enough. They actually did the right thing. Can I say this? Yes, Your Honor. Sounds like an excellent jury argument, if you get that far. But this is not that stage. I looked at it again when I said, I'm not bothering you. Take notes. I was suggesting it wasn't a good thing to read from your notes instead of the language of the complaint. This is focused on one thing, paragraph 38. Both before and after Randstad began administering payroll and performing related administrative functions for Ms. Quintana's position, the city of Alexandria controlled the terms of Ms. Quintana's employment. You may say that is perhaps a legal conclusion. It is. It may not be accepted. I said, you may say that, and I'm not so sure you're right about that, but you could argue that, including amount of compensation, job title, schedule, those are not legal conclusions. Those are factual assertions. Can I respond? But it says amount of compensation, job title, schedule, job function, and day-to-day work duties, supervision, performance evaluation, and termination of employment. That sounds like an allegation of an employer to me, and I'm sure I'd like for you to say why we would ignore that. No, I don't want you to ignore it. I think that she also then contradicts herself later in the complaint. Paragraph 38, the beginning of it that the court just read, it's a legal conclusion. Second was they go into the factors. You controlled my amount of the city controlled my amount of compensation. She's already admitted that Randstad pays her, and in one of her allegations in the complaint. No, that doesn't mean that they handle payroll. That doesn't mean they determine amount of her salary. You think that's the inconsistency? No, Your Honor. I think that she said, I think, again, you are dealing with an assumption that somehow the city is telling a separate entity what to pay her. Have you ever heard of a company that handles payroll services? I have, Your Honor. A lot of people do that. I've also heard of temporary staffing agencies who fill positions. No, wait. Why do you get the benefit of the doubt and not the other side? Why do you get that benefit? If it sounds like a temporary agency or it sounds like somebody handling payroll services, which is what she alleges, at this stage how do you get any benefit of the doubt? I get the benefit of the full entirety of her pleadings, all right? And I don't take the allegation that's made in paragraph 38A as in a vacuum alone. I take the whole. And if you're looking at the rest, think about a temporary employment. What other paragraph conflicts with 38 and overrides 38? Maybe it's in there. Maybe I missed it. Where is it? Your Honor, supervision. Take E. Throughout the complaint she is saying, she says, I had to check on each and every time I had leave with Ms. Brown. Ms. Brown works for Randstad. After she found out her assignment, and here's some of the key points that I think that the district court turned her opinion on, and it's I found out from one of my friends over at the city that someone else is sitting at my desk while I'm gone. Who does she call on the first business day? She calls Randstad. She finds out on Friday afternoon, she calls Randstad. So what though? But, Your Honor, listen, she makes the point, I'm not exactly sure what the heck that division is, but at no point, she says in 60, at no point did anyone in the city advisor inform Ms. Quintana that she was required to notify or obtain permission from Randstad to take leave for her husband. I know you want to put a different spin on it, and maybe you understand and you read complaints differently on the 12B6 than I do. Maybe we just have a difference of how you do it. But your point is as to the specific, and there are many, many more provisions that I could read to you, but your argument is, Judge, you're just not taking that in the entirety. And if you look at it in its entirety, it's clear. She's not making any claim that the city is her employer. I take, and when a court, when a pleader like Ms. Quintana says, either you or somebody else is my primary employer, you have to take the totality of those. And you look at the Department of Labor's four factors, who has the ability to supervise her, who has the ability to pay her, where are the benefits coming from? Take the benefits. Ms. Quintana says look at Randstad's answer. The court should look at Randstad's answer. Randstad's answer to Judge Wynn's question? Stop for one second. Yes, Your Honor. You take that means the ability to pay, you take that to mean the law is who actually gives you your paycheck? I think it goes with that factor, absolutely. You don't think that controls the loan, though, do you? I don't think it does, and I'm not saying it does. I think the four factors are right there in the actual Department of Labor's thing. The court is tasked with going through on the complaint stage who is the primary. Those four factors are who assigned her, who has the ability to hire and fire. Judge Wynn asked was Randstad's answer in the complaint. Plaintiff said consider the answer. Randstad's answer said I had the ability to hire her. I supervised her, and I have the ability to terminate her. Randstad's answer also says I gave her the ability to have benefits. She elected not to get benefits through me. The end result of where we are is what you stated earlier, and that is the complaint itself must be sufficient in order to allege a cause of action so that you can sustain a 12-6 motion. We're not in the stage of looking at other pleadings or other type of evidence because we're just not there yet. It's probably not a simple case, but at least we've got this complaint right in front of us. If we can look at it and make that determination based upon the allegations you say, the complaint goes beyond this. But the question here is simply are the allegations sufficient? If we did choose to send it back, it doesn't mean it's the end of the case. You know that, and I know that. It just means that somebody's got to do a little bit more work. Come back to us in a different posture because we've got rules on how we decide cases. I understand that. All I would ask in closing is that you consider, as Judge Shedd said, the entirety of the complaint and whether or not she actually pled herself out by all the Randstad allegations of contending that they are, in fact, her primary employer. Thank you. Thank you, Ms. Gambino. Do you have anything further? Any questions? No. Thank you. We'll come down to Greek Council and proceed to our last case for the day.
judges: Roger L. Gregory, Dennis W. Shedd, James A. Wynn, Jr.